UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:22-CV-242-TLS-JEM |
| MAUSER PACKING/BWAY, ELWOOD STAFFING, and ERIC ROGERS, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Lasandra Norman's "A Motion for New Judge pursuant to 28 US code § 144. A Motion for a pre-trial conference Rule 16." [ECF No. 24], filed on February 9, 2023; Defendant Elwood Staffing's Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction and Failure to State a Claim [ECF No. 11], filed on October 21, 2022; and Defendant Mauser Packaging Solutions' and Eric Rogers' Motion to Dismiss Plaintiff's Civil Complaint [ECF No. 15], filed on October 24, 2022. The motions are fully briefed and ripe for ruling.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff filed her pro se Complaint [ECF No. 1] on August 22, 2022, against Mauser Packing/Bway, Elwood Staffing, and Eric Rogers.[1] The Plaintiff, who is African American,

---

[1] The Plaintiff has filed numerous lawsuits in this District and elsewhere, for example: *Norman v. Springmann*, No. 2:21-CV-350-JVB-JEM (N.D. Ind. Nov. 9, 2021); *Norman v. Nw. Ind. CA Section 8*, No. 2:21-cv-158-TLS-JEM (N.D. Ind. May 5, 2021); *Norman v. Ally Fin. Bank*, No. 2:20-CV-51-JEM (N.D. Ind. Feb. 5, 2020); *Norman v. Express Emp.*, Case No. 2:19-CV-372-TLS-APR (N.D. Ind. Sept. 30 2019); *Norman v. NIPSCO*, No. 2:19-CV-365-TLS-JEM (N.D. Ind. Sept. 26, 2019); *Norman v. City of Lake Station, Indiana*, No. 20-2996, 845 F. App'x 459 (7th Cir. Apr. 28, 2021), appealed from 2:18-CV-204-PPS-JEM; *Norman v. P.L.I.*, No. 2:17-CV-416 (N.D. Ind. Nov. 2, 2017); *Norman v. Black Ent. Television LLC*, 696 F. App'x 754, 755 (7th Cir. 2017), appealed from 2:16-CV-113-RLM-PRC; *Norman v. Dep't of Child Servs.*, No. 2:12-CV-210-JTM-PRC (N.D. Ind. May 23, 2012); *Norman v. United States*, No. 2:11-CV-097-RL-APR (N.D. Ind. Mar. 16, 2011); *Norman v. Cater*, No. 1:08-CV-01160-JDB-EGB

brings claims against the Defendants for "the charge of work place discrimination, forcing its employees to work under a hostile work environment, forcing their employees to work 12-hour shifts, mandating employees to work sixty hours a week at regular pay each day for more than eight hours." Compl. 4, ECF No. 1. She states that her complaint is based on race, gender, and disability discrimination and provides the Equal Employment Opportunity Commission (EEOC) number related to this action as 470-2022-03855. The Plaintiff did not attach an EEOC charge, a notice of right to sue, or any documentation related to the EEOC number.[2]

The Plaintiff makes the following factual allegations in her Complaint. She was discriminated against while working for Mauser Packing Solutions for approximately nine weeks, placed there by Elwood Staffing, a temporary staffing agency. *Id.* While working at Mauser Packing, she faced daily racial attacks from women employed directly by Mauser Packing. *Id.* Eric Rogers and two women she names as Samantha E. and Anna B. had been trying to remove her from her position as a packer from her first day on the job. *Id.* Mauser Packing did not want the Plaintiff to have "job stability" in their company and were trying to get rid of her from the second week. *Id.* at 5. It was not until the Plaintiff got a call from Michele at Elwood Staffing during which the Plaintiff cited racial discrimination that the Plaintiff was told to report to work the next day. *Id*. This occurred during a mental crisis she had been suffering for the previous nine months, for which she is under a doctor's care. *Id.*

The Plaintiff contends that the attacks were racially motivated. *Id.* at 4. She believes that those employees wanted her to leave because she made $1,100 as week as a black woman. *Id.* She attached her last three pay stubs as Exhibits A, B, and C. *See* ECF No. 1-1. She was called "n****rs by several white women at the company, and she suffered at least two mental breakdowns at work. Compl. 5. On several occasions while performing the job as packer on the

---

(W.D. Tenn. July 8, 2008); *Norman v. Tennessee*, No. 1:07-CV-01153-JDT-STA (W.D. Tenn. Sept. 10, 2007).

[2] The Plaintiff used the Northern District of Indiana's standard "Civil Complaint" form rather than the "Employment Discrimination Complaint" form.

line, "white women employed through the company would stare at Norman, nitpick all day, to the point where it made her feel she was inadequate to do such a simple task." *Id.* "The women would call [her], names such as 'hon' which means Ho n\*\*\*a, darling, sweetheart, and others instead of being professional at work calling her Lasandra." *Id.*

The Plaintiff was never late, never missed a day of work, and worked mandated 12-hour shifts even on her days off. *Id.* 4. She was required to work Sundays even though she goes to church to worship on Sundays. *Id.* The terms of her hire were breached by both Elwood and Mauser Packing because she was supposed to have every other weekend off but "was mandated to work every week after the third week to work her days off," while employees with seniority were given days off instead. *Id.* at 4–5.

On August 17, 2022,[3] she reported to work at 7:00 a.m. to find that her name on the list (incorrectly spelled as Leshonda) was blank; twenty-five people witnessed this and some laughed. *Id.* at 5. It appears that this was the day her employment was terminated. *Id.* She alleges that Eric Rogers put her name on the list to try to humiliate her in front of the others. *Id.* While she was employed there, several other non-white employees have left Mauser Packing and not returned because of racial discrimination. *Id.* The Plaintiff asks for her job back, compensation for wrongful termination of employment, back pay, and sanctions. *Id.* at 3.

Defendant Elwood Staffing filed its Motion to Dismiss [ECF No. 11] on October 21, 2022, and Defendants Mauser Packing/Bway and Eric Rogers filed their Motion to Dismiss [ECF No. 15] on October 24, 2022. Elwood Staffing attached to its motion a letter from the EEOC dated September 26, 2022, which was issued in response to Elwood Staffing's Freedom of Information Act (FOIA) request for a copy of records in EEOC charge number 470-2022-03855. Elwood Ex. 1, ECF No. 12-1. The FOIA request was denied because Elwood Staffing was a third party to the charge "since the EEOC charge number that you provided has not been filed against your client, Elwood Staffing." *Id.* at 6 ("You must be a party to the charge to have

---

[3] Although the Complaint lists the year as 2018, the Court understands that to be a typographical error.

3

access to the contents of a charge file."). On October 31, 2022, the Plaintiff filed a response and did not include a copy of her EEOC charge. ECF No. 20.[4] Elwood Staffing filed its reply on November 7, 2022, ECF No. 21 and Mauser Packing/Bway and Eric Rogers filed their reply on November 21, 2022, ECF No. 22.

On February 9, 2023, the Plaintiff filed a document titled "A Motion for New Judge pursuant to 28 US code § 144. A Motion for a pre-trial conferences Rule 16." ECF No. 24. The Plaintiff attached to the motion a Dismissal and Notice of Rights issued by the EEOC on December 29, 2022. ECF No. 24-1. Elwood Staffing filed a response on February 17, 2023, and Mauser Packing/Bway and Eric Rogers filed a response on February 21, 2023. The Plaintiff did not file a reply, and the time to do so has passed.

At a telephonic hearing on March 16, 2023, the Court advised the parties that a Rule 16(b) scheduling conference will not take place until the Court has ruled on the pending motions to dismiss.

**ANALYSIS**

**A.      Motion for New Judge**

In her motion for a new judge, brought under 28 U.S.C. § 144, the Plaintiff asks that this cause of action be transferred to another judge. She alleges that she is prejudiced because the case has been pending since September 2022, the Defendants have not answered the Complaint as they are awaiting a ruling on their motions to dismiss, and counsel for Defendant Elwood Staffing is a former law clerk of the undersigned.

The statute requires that when "the judge before whom the matter is pending has a personal bias or prejudice either against [the party] or in favor of any adverse party, such judge

---

[4] Although the brief states that it is in response to "defendants motion to dismiss by way of counsel John A. Drake," ECF No. 20, p. 1, who is counsel for Elwood Staffing, the substance of the brief also addresses the claims against Defendants Mauser Packing/Bway and Eric Rogers as well as the arguments in their motion to dismiss. Given the Plaintiff's pro se status and a plain reading of the response brief, the Court construes the brief as responsive to both motions to dismiss.

4

shall proceed no further therein." 28 U.S.C. § 144. The Plaintiff's motion fails to comply with the strict procedural requirements of the statute, which requires the filing of an affidavit that "shall state the facts and the reasons for the belief that bias or prejudice exists" and "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." *Id.*; *see United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020). The Plaintiff has not filed an affidavit, and her motion does not constitute an affidavit.[5]

The Court nevertheless considers the Plaintiff's motion as brought under 28 U.S.C. § 455, which contains two standards. Under 28 U.S.C. § 455(a), a judge must disqualify herself from "any proceedings in which [her] impartiality might reasonably be questioned." "This is an objective inquiry." *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990). Under 28 U.S.C. § 455(b)(1), which mirrors 28 U.S.C. § 144, a judge must recuse from a case when the judge has a "personal bias or prejudice" against a party to the proceeding. Under this actual bias standard, "the question is whether a reasonable person would be convinced the judge was biased." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (citation omitted).

The Court finds that the Plaintiff has not shown any actual bias or facts to question the undersigned's impartiality. First, there has been no undue delay. The Complaint was filed on August 22, 2022, the Defendants timely filed their motions to dismiss on October 21, 2022, and October 24, 2022, and the motions were fully briefed on November 21, 2022. The motions had been pending less than three months when the Plaintiff filed the instant Motion for New Judge, which required awaiting the briefing period. The Defendants responded on February 17, 2023, and February 21, 2023. The Plaintiff did not file a reply. The Court is now resolving all pending motions. As noted by the Defendants, all parties are affected by any delay in ruling. To the extent

---

[5] By its terms, 28 U.S.C. § 144 also requires a certificate of counsel; however, the Seventh Circuit Court of Appeals has not resolved whether a pro se litigant may file a motion under that statute. *See Reinoehl v. Ctrs. for Disease Control and Prevention*, No. 22-1401, 2022 WL 14461946, at *3 (7th Cir. Oct. 25, 2022).

there has been a delay, "delays are inherent in litigation." *Wereko v. Rosen*, No. 22 C 02177, 2022 WL 16573746, at *3 (N.D. Ill. Nov. 1, 2022) (denying motion for recusal that was brought, in part, because of the perceived lack of progress since the complaint was filed).

As for counsel for Defendant Elwood Staffing having once been a law clerk of the undersigned, that fact alone is insufficient to require recusal. Attorney Drake's clerkship was more than thirteen years ago. Courts in this District and elsewhere have long rejected the argument that an attorney's prior clerkship for a judge requires recusal on the grounds of bias or even suggests that recusal would be appropriate. *See McGrath v. Everest Nat'l Ins. Co.*, 2:07-CV-34, 2009 WL 4842837, at *6–10 (N.D. Ind. Dec. 10, 2009) (finding no basis for recusal and noting that "[t]he appearance of a former law clerk as counsel before the judge for whom he clerked is not at all extraordinary"). The Plaintiff has not offered any more specific argument to suggest why recusal because of the prior clerkship might be necessary. *See N.Y.C. Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986) ("A judge may decide close calls in favor of recusal. But there must first be a close call.").

Because there is no evidence of actual bias or prejudice and no reasonable observer would question the undersigned's impartiality on this record, the Court denies the Plaintiff's Motion for a New Judge. Regarding the request for a scheduling conference, the Court addressed the issue at the telephonic hearing, advising the parties that one would not be set until a ruling is issued on the pending motions to dismiss. As set forth below, the Court is granting the motions to dismiss but granting the Plaintiff leave to file an amended complaint. Thus, a scheduling conference remains premature.

**B.      Motions to Dismiss**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir.

1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, a court considers the complaint as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). Thus, the Court considers the Plaintiff's paystubs attached to the Complaint, the EEOC's FOIA response letter attached to Elwood Staffing's Motion to Dismiss, and the EEOC Dismissal and Notice of Rights letter attached to the Plaintiff's Motion for New Judge.

1. TITLE VII and ADA Claims

a. Defendant Elwood Staffing

Before a plaintiff can bring a claim under Title VII of the 1964 Civil Rights Act (Title VII) or the Americans with Disabilities Act (ADA) claim, she is required to "exhaust [her] administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1004, 1110 (7th Cir. 1992)); *see Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019). Then, when filing a suit in federal court, a plaintiff is only allowed to bring "those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Chaidez*, 937 F.3d at 1004

(quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)); *see also* 42 U.S.C. § 2000e-5(f)(1) ("[A] civil action may be brought against the respondent named in the charge."); *id.* § 2000e-5(e)(1). This limitation gives an employer notice of an employee's allegations and provides the employer and the EEOC an opportunity to settle the matter. *Chaidez*, 937 F.3d at 1004 (citing *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009)).

Claims are considered "'like or reasonably related' when (1) 'there is a reasonable relationship between the allegations in the charge and the claims in the complaint' and (2) 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" *Id.* (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). At a minimum, the allegations in the charge and the complaint must "describe the same circumstances and participants." *Cervantes*, 914 F.3d at 565 (quoting *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005)). It is not enough to simply assert the same kind of discrimination; there needs to be a factual relationship between the allegations of the charge and the complaint. *Chaidez*, 937 F.3d at 1005.

Defendant Elwood Staffing moves to dismiss any Title VII and ADA claims against it because the Plaintiff did not name Elwood Staffing in an EEOC charge. Dismissal is appropriate because the EEOC letter attached to Elwood Staffing's motion indicates that Elwood Staffing was not named in the Plaintiff's EEOC charge. In her response brief, the Plaintiff acknowledges as much. *See* ECF No. 20, p. 1 ("For this reason, is why the EEOC was informed about the work [site], not the temp agency whom sent her to this specific job [site]."). Accordingly, the Court grants Defendant Elwood Staffing's Motion to Dismiss any Title VII and ADA claims against it. As a result, the Court does not reach Elwood Staffing's alternative merits arguments.

b.     Defendant Eric Rogers

Defendant Eric Rogers seeks dismissal of the claims against him because an individual cannot be liable under Title VII or the ADA. Indeed, there is no individual liability under Title VII or the ADA. *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017) (Title

VII) (citing *Geier v. Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir. 1996)); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir. 1995) (ADA). The Plaintiff did not respond to this argument and identifies no other basis for a claim against Rogers individually. Accordingly, the Court grants the motion to dismiss the Plaintiff's Complaint as to Eric Rogers and dismisses Eric Rogers with prejudice.

c.     Defendant Mauser Packing/Bway

At the time Mauser Packing filed its Motion to Dismiss, the Plaintiff had not yet received a notice of right to sue from the EEOC, and Mauser Packing moved to dismiss on the basis that the Plaintiff had not exhausted her administrative remedies. Since that time, the Plaintiff has received the Dismissal and Notice of Right to Sue and filed it with the Court as an attachment to her Motion for New Judge. Nevertheless, the Plaintiff still has not filed a copy of her EEOC charge, which defines the scope of the claims she can bring in this federal lawsuit. The Plaintiff purports to allege claims of race discrimination and sexual harassment under Title VII and disability discrimination under the ADA, but, as set out above, without the EEOC charge, the Court cannot confirm the factual basis of the claims or whether the claims were brought in an EEOC charge against Mauser Packing/Bway. *See Chaidez*, 937 F.3d at 1004 (recognizing that a plaintiff is only allowed to bring "those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations'" (quoting *Geldon*, 414 F.3d at 819)). Accordingly, the Court dismisses without prejudice the Plaintiff's Title VII discrimination and sexual harassment claims and ADA claims brought against Mauser Packing for failure to exhaust her administrative remedies. In light of the Plaintiff's pro se status, however, the Court will give the Plaintiff an opportunity to amend her complaint on the Court's employment discrimination complaint form, to which she must attach the EEOC charge and the notice of right to sue. The Amended Complaint must contain sufficient factual allegations to raise each claim above the level of being facially plausible.

2.   *Indiana Civil Rights Law*

Although the Complaint does not indicate that the Plaintiff's discrimination claims are brought under Indiana state law, Elwood Staffing also moves to dismiss any claim brought under the Indiana Civil Rights Law (ICRL), which provides statutory protections against discrimination based on race, gender, and disability among other protected categories. *See* Ind. Code §§ 22-9-1-1, 22-9-1-2. Claims under the ICRL proceed first through an administrative enforcement process, and a court has jurisdiction to hear a suit only if both the employer and the employee to consent in writing after an administrative law judge finds probable cause. *See Fort Wayne Metro. Hum. Rels. Comm'n v. Marathon Gas Station*, 926 N.E.2d 1085, 1089 (Ind. Ct. App. 2010); Ind. Code §§ 22-9-1-16, 22-9-1-17. The Plaintiff's brief does not respond with an assertion of any claim under the ICRL. Accordingly, to the extent that the Plaintiff's Complaint alleges discrimination claims under the ICRL, the Court dismisses the claims without prejudice.

3.   *Claim for Unpaid Overtime Wages*

The Plaintiff's Complaint appears to allege a claim for unpaid overtime wages. She alleges that [Mauser] allegedly "forced" employees to work twelve-hour shifts, resulting in requiring the employees to "work sixty hours a week at regular pay each day for more than eight hours." Compl. 4. She also alleges that she was required to work 12-hour shifts, even on her days off, including on Sundays. *Id.* Both Elwood Staffing and Mauser Packing seek dismissal of this claim. The Plaintiff's response brief does not address this claim. Under both federal and Indiana state law, an employee working more than forty hours a week must be paid time and a half for overtime hours. 29 U.S.C. § 207(a)(1); Ind. Code § 22-2-2-4(f).

To state a claim for failure to pay overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 (FLSA), "a plaintiff must sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of forty hours." *Bland v. Edward D. Jones & Co., L.P.*, 375 F. Supp. 3d 962, 979 (N.D. Ill. 2019). In her Complaint, the Plaintiff does not allege that *she* was required to work more than forty hours a week for regular pay each day for more

10

than eight hours. Nor has she alleged any specific instances when she worked over forty hours in a work week without overtime pay. *See Hayes v. Thor Motor Coach, Inc.*, No. 3:19-CV-375, 2020 WL 13548695, at *2 (N.D. Ind. June 11, 2020) (citing *Hall v. DirectTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017)).

Moreover, the Plaintiff has pleaded herself out of court by alleging facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). The Plaintiff attached three paystubs to her Complaint that directly contradict her overtime allegations. The three pay stubs show that she was paid for 8.84, 14.84, and 20.76 hours respectively at the overtime pay rate of $24.38 per hour, which is time and a half for her regular $16.25 per hour rate. Compl. Exs. A–C. There is no reasonable inference from these facts that any of the Defendants are liable for unpaid overtime wages under the federal statute.

To the extent the Plaintiff is bringing this claim under state law, the Indiana Wage Claims Statute requires the exhaustion of administrative remedies. *See Bragg v. Kittle's Home Furnishings, Inc.*, 52 N.E.3d 908, 915 (Ind. Ct. App. 2016) (citing *Lemon v. Wishard Health Servs.*, 902 N.E.2d 297, 300 (Ind. Ct. App. 2009)). Mauser Packing/Bway contends that the Plaintiff has failed to comply with the IWCA's administrative exhaustion requirements, and the Plaintiff offers no response to the contrary.

Accordingly, the Court grants the Defendants' motions to dismiss any claim for unpaid overtime wages under either federal or state law.

4. *Supplemental State Law Claims*

The Plaintiff alleges that "[t]he terms of which [she] was hired was breached by both Elwood and Mauser, because she was supposed to have [every] other weekend off but was mandated every week after the third week to work her days off." Compl. 4–5. However, the Plaintiff, who appears to have been an at-will employee, has not alleged sufficient facts to explain the relevant terms of her employment or how they arose. *See Ford v. Slate*, —N.E.3d—,

11

—, 2023 WL 2800402, at *4 (Ind. Ct. App. Apr. 6, 2023) (recognizing "even in an employment at-will relationship the parties may agree to contract and be bound by *other* terms and conditions of employment[, terms other than the term of employment,] for as long as the employment-at-will relationship lasts"). The Plaintiff has failed to state a claim of state law breach of contract, and the Court dismisses any such supplemental state law claim without prejudice. Moreover, if all the Plaintiff's federal claims remain dismissed, the Court would relinquish its supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(c), and the Plaintiff has not established the requirements of diversity jurisdiction over the state law claims either as to the citizenship of the parties or the amount in controversy.

## CONCLUSION

Accordingly, the Court DENIES the Plaintiff's Motion for New Judge Pursuant to US code § 144 and Motion for a Pre-trial Conference [ECF No. 24], GRANTS Defendant Elwood Staffing's Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction and Failure to State a Claim [ECF No. 11], and GRANTS Defendant Mauser Packing Solutions' and Eric Rogers' Motion to Dismiss Plaintiff's Civil Complaint [ECF No. 15]. The Court DISMISSES the Complaint against Defendant Elwood Staffing and Defendant Mauser Packing/Bway without prejudice and DISMISSES the Complaint against Defendant Eric Rogers with prejudice. The Court grants the Plaintiff up to and including June 13, 2023, in which to file an Amended Complaint as set forth within this Opinion and Order. If the Plaintiff does not file an Amended Complaint by the deadline, the Court will direct the Clerk of Court to close this case without further notice.

SO ORDERED on May 23, 2023.

                                                 s/ Theresa L. Springmann
                                                 JUDGE THERESA L. SPRINGMANN
                                                 UNITED STATES DISTRICT COURT