UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN,<br><br>Plaintiff,<br><br>v.<br><br>MAUSER PACKING/BWAY,<br><br>Defendant. | CAUSE NO.: 2:22-CV-242-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant Mauser Packing Solutions' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 41], filed on July 31, 2023, the pro se Plaintiff's Motion for Summary Judgment, or Jury Demand Upheld [ECF No. 44], filed on August 14, 2023, and Mauser Packing Solutions' Motion to Strike Plaintiff's Motion for Summary Judgment or Jury Demand Upheld, or Alternatively, Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 45], filed on August 21, 2023. For the reasons stated below, the Court construes the Plaintiff's Motion for Summary Judgment as a response to the Defendant's Motion to Dismiss, construes the Defendant's Motion to Strike as a reply, and grants in part and denies in part the Defendant's Motion to Dismiss.

**MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**

On August 14, 2023, the Plaintiff filed with the Court a Motion for Summary Judgment, or Jury Demand Upheld. ECF No. 44. In the Motion for Summary Judgment, the Plaintiff reiterates her claims, partially responds to the arguments made in the Defendant's Motion to Dismiss, and speaks generally on this case and the justice system. The Plaintiff does not reference the summary judgment standard, *see* Fed. R. Civ. P. 56, and the Motion does not comply with Rule 56 nor this Court's local rules, *see* N.D. Ind. L.R. 56-1. Also, the Plaintiff is proceeding pro se, filed the Motion for Summary Judgment within her time to respond to the

Defendant's Motion to Dismiss, and did not otherwise file a response to the Motion to Dismiss. As such, the Court construes the Plaintiff's Motion for Summary Judgment, or Jury Demand Upheld [ECF No. 44] as a response to the Defendant's Motion to Dismiss. *See Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018) ("Any document filed *pro se* is to be liberally construed." (cleaned up)). Consequently, the Court construes Mauser Packing Solutions' Motion to Strike Plaintiff's Motion for Summary Judgment or Jury Demand Upheld, or Alternatively, Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 45] as a reply to the Plaintiff's response.

## MOTION TO DISMISS STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a motion to dismiss, a court considers "the complaint itself" as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial

notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff filed her pro se Complaint [ECF No. 1] on August 22, 2022, against Mauser Packing/Bway, Elwood Staffing, and Eric Rogers. On May 23, 2023, the Court dismissed the Plaintiff's claims against Defendant Eric Rogers. *See* ECF No. 31 at 8–9. The Court also dismissed the claims against Defendants Elwood Staffing and Mauser Packing/Bway without prejudice and granted the Plaintiff leave to file an Amended Complaint. *Id.* at 12.

On June 12, 2023, the Plaintiff filed an Amended Complaint against Mauser Packing/Bway only. Am. Compl., ECF No. 35. The Plaintiff, who is African American, brings claims against the Defendant for "work place discrimination practices . . ., wrongful []termination, and sexual harassment." *Id.* at 3. The Plaintiff attached to her Amended Complaint an Equal Employment Opportunity Commission (EEOC) charge and notice of right to sue. ECF No. 35-1. The Plaintiff's EEOC charge alleges discrimination in violation of Title VII of the Civil Rights Act of 1964. *Id.*

The Plaintiff makes the following factual allegations in her Amended Complaint. During the Plaintiff's nine-week employment with the Defendant from June 2022 to September 20th, 2022, the Plaintiff became a target of the Defendant and some of its employees because of her race, gender, and disability. Am. Compl. 3–4. She was called racial pet names by white women who worked for the Defendant, and she was bullied and made to feel uncomfortable in a hostile work environment. *Id.* at 3. Three people attacked her daily: Eric Rogers, her supervisor, would tell her that he could get rid of her with just one email, and two women named Samantha and Anna harassed her daily and "called her the N word during an argument." *Id.* The employees' behavior caused the Plaintiff to have two mental breakdowns on the job in August. *Id.*

In early September, while the Plaintiff was bending over to pack buckets, another employee walked past the Plaintiff and "bumped [the Plaintiff] from the back so hard that [she]

3

felt his growing [sic]." *Id.* Another employee would poke the Plaintiff in her side with his finger, and the Plaintiff told him never to touch her again. *Id.*

The Plaintiff worked 12 hours a day at regular pay, faced humiliation and was forced to suffer embarrassment daily, was never late, never missed a day, and worked even on her days off. *Id.* at 4. Eric Rogers told her that if she did not work on her days off, "she would get points[,] and when you get 7 points, the company would let her go." *Id.* The Plaintiff worked for the Defendant from June 2022 until September 20, 2022, when her employment was terminated. *Id.*

In addition to her Title VII claims, the Plaintiff brings claims under the Americans with Disabilities Act (ADA) because Eric Rogers told her she was not quick enough to do the job. *Id.* Further, the Plaintiff alleges that Eric Rogers targeted the Plaintiff each day she showed up, that she "witnessed at least five other blacks walk off the job and never return," that some employees appeared racist, and that the Plaintiff was terminated "for no other reason [than] that she talked up for herself, she was a negro, and . . . she was a woman." *Id.* The Plaintiff requests regular pay for the period she was out of work, compensation for mental distress, pain, and suffering, and compensation for wrongful termination. *Id.* at 5.

## ANALYSIS

### A.     Title VII Claims

The Plaintiff alleges in her Amended Complaint that the Defendant subjected her to workplace discrimination, including wrongful termination, based on her race or gender in violation of Title VII of the Civil Rights Act of 1964. The Defendant argues in its Motion to Dismiss that the Plaintiff's claims are conclusory and do not demonstrate a hostile work environment that is severe or pervasive. For the following reasons, the Court finds that the allegations in the Plaintiff's Amended Complaint are sufficient to state claims for workplace discrimination and wrongful termination under Title VII.

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment" because of her race or sex. 42 U.S.C. § 2000e-2(a)(1). At the pleading stage, the complaint must allege "some specific facts" to support the plaintiff's Title VII race discrimination claim. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013) (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). "The degree of specificity required . . . rises with the complexity of the claim." *Id.* (quoting *McCauley*, 671 F.3d at 616–17). "In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). Additionally, "the pleading standards for pro se plaintiffs are considerably relaxed." *Id.* at 1027.

1. *Hostile Work Environment*

To state a hostile work environment claim under Title VII, a plaintiff must allege "(1) she was subject to unwelcome harassment," (2) based on her race, gender, "or another reason forbidden by Title VII," "(3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability." *Huri v. Office of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833–34 (7th Cir. 2015) (citing *Cooper–Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004)).

The Defendant argues the Plaintiff's Amended Complaint makes inadequate, non-specific, conclusory allegations of discrimination that do not rise to the level of a hostile work environment. For support, the Defendant cites cases that evaluate workplace discrimination

5

claims at the summary judgment stage. In the Plaintiff's response, she argues that a complaint does not have to set out all the facts, but only put defendants on notice of why they are being sued.

Contrary to the Defendant's apparent assertion, at the pleading stage, the Plaintiff is not required to meet the evidentiary burden required at summary judgment, after discovery has taken place. *Id.* at 834 ("The pleading standards in Title VII cases are, of course, different from the evidentiary burden a plaintiff must subsequently meet."). Notwithstanding the Defendant's argument, the Plaintiff has pleaded the elements of a Title VII hostile work environment claim. *See id.* at 833–34. She has alleged she was harassed and specifically that she was called racial pet names, made to feel uncomfortable, and threatened with termination. If the Plaintiff's allegations prove true, the Defendant may be liable because her distress was caused by her direct supervisor. *See id.* at 834. "And it is premature at the pleadings stage to conclude just how abusive [the Plaintiff's] work environment was." *Id.* Based on the racial pet names, use of a racial epithet, daily "attacks," humiliation, and embarrassment, exit of other black employees, and apparent racism, the Plaintiff's work environment could plausibly have been abusive. *See id.* Therefore, the Plaintiff's Title VII workplace discrimination claim survives the Defendant's Motion to Dismiss.

2. *Wrongful Termination*

At the pleading stage, a plaintiff bringing a Title VII race discrimination claim is only required to plead that she is a member of a protected class and that the employer took a specific adverse employment action based on the plaintiff's membership in that protected class. *Lavalais*, 734 F.3d at 616 (quoting *Luevano*, 722 F.3d at 1028); *see also Bennett v. Schmidt*, 153 F.3d 516,

518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say.").

Here, the Plaintiff's Amended Complaint includes enough facts to state a wrongful termination claim under Title VII. The Plaintiff alleged that she is a woman and that she is African American. She alleged that her supervisor, Eric Rogers, caused her distress and constantly warned that she would earn points toward termination if she did not work on her days off. According to the Amended Complaint, Rogers also told the Plaintiff that he could "get rid" of the Plaintiff with one email. Am Compl. ¶ 2. The Plaintiff alleged that she has seen "at least five other blacks walk off the job and never return," and that "[s]ome of the employees . . . appeared to be racist and didn't like people of color." *Id.* ¶¶ 12–13. Ultimately, the Plaintiff alleged that she was wrongfully terminated "for no other reason [than] that she talked up for herself, she was a negro, . . . and she was a wom[an]." *Id.* ¶ 15. Based on these allegations, the Plaintiff's wrongful termination claim survives the Defendant's Motion to Dismiss. *See Freeman v. Metro. Water Reclamation Dist. of Greater Chi.*, 927 F.3d 961, 965 (7th Cir. 2019) ("[T]o proceed against the District under . . . Title VII, Freeman needed only to allege—as he did here—that the District fired him because of his race."); *Tamayo*, 526 F.3d at 1085 (listing the plaintiff's allegations and concluding that they "provide the defendants with sufficient notice to begin to investigate and defend against" the plaintiff's claim).

**B.     ADA Claim**

The Plaintiff also brings a claim based on the ADA because her supervisor, Eric Rogers, told her that she was not quick enough or fast enough to do the job.[1] The Defendant argues that the Court should dismiss the Plaintiff's ADA claim because the Plaintiff's EEOC charge did not

---

[1] The Plaintiff does not allege that she has any disability or that she was discriminated against because of a disability that she has.

7

include a claim for disability discrimination. The Plaintiff's EEOC charge does not reference disability discrimination. Therefore, the Plaintiff has not exhausted the administrative remedies available for her to resolve that claim, and the Court must dismiss it.

Before a plaintiff can bring a claim under the Americans with Disabilities Act (ADA) claim, she is required to "exhaust [her] administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1004, 1110 (7th Cir. 1992)); *see Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019); *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018). Then, when filing a suit in federal court, a plaintiff is only allowed to bring "those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Chaidez*, 937 F.3d at 1004 (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)); *see also* 42 U.S.C. § 2000e-5(f)(1) ("[A] civil action may be brought against the respondent named in the charge."); *id.* § 2000e-5(e)(1). This limitation gives an employer notice of an employee's allegations and provides the employer and the EEOC an opportunity to settle the matter. *Chaidez*, 937 F.3d at 1004 (citing *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009)).

Claims are considered "'like or reasonably related' when (1) 'there is a reasonable relationship between the allegations in the charge and the claims in the complaint' and (2) 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" *Id.* (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). At a minimum, the allegations in the charge and the complaint must "describe the same circumstances and participants." *Cervantes*, 914 F.3d at 565 (quoting *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005)). It is not enough to simply assert the same kind of discrimination; there needs to be a factual relationship between the allegations of the charge and the complaint. *Chaidez*, 937 F.3d at 1005.

The Plaintiff's EEOC charges refer to sexual harassment, racial harassment, a denied religious accommodation, and discharge because of the Plaintiff's race, sex, and religion. *See* ECF No. 35-1. The charges refer to the Defendant, generally, and the Plaintiff's "coworkers," but the charges do not describe specific conduct or individuals. The charges do not allege misconduct attributable to the Plaintiff's supervisor, Eric Rogers, nor do they allege disability discrimination. *See Jackson v. Am. Water Co.*, No. 20-cv-413, 2022 WL 3701363, *7 (S.D. Ill. Aug. 26, 2022) (dismissing the Plaintiff's ADA claim where the charge "clearly implicated the same party" but "only mention[ed] Title VII and instances where [the Plaintiff] claim[ed] racial discrimination and retaliation," not "the ADA and/or any alleged disability"). Accordingly, the Court dismisses without prejudice the ADA claim because the Plaintiff has not exhausted her administrative remedies. *See Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989) ("[T]he proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies . . . .").

**C.     Claim for Unpaid Overtime Wages**

The Plaintiff's Complaint appears to allege a claim for unpaid overtime wages. She alleges she worked 12 hours a day at regular pay, even on her days off. The Court previously dismissed this claim, *see* ECF No. 31 at 10–11, and the Defendant argues the Plaintiff's Amended Complaint fails to correct the deficiencies the Court identified. The Defendant is correct that the deficiencies in the Plaintiff's claim remain.

As the Court stated in its prior order, "the Plaintiff does not allege that *she* was required to work more than forty hours a week for regular pay each day for more than eight hours. Nor has she alleged any specific instances when she worked over forty hours in a work week without overtime pay." *Id.* (citing *Hayes v. Thor Motor Coach, Inc.*, No. 3:19-CV-375, 2020 WL 13548695, at *2 (N.D. Ind. June 11, 2020)). Further, there is no indication that the Plaintiff has exhausted her administrative remedies as required by Indiana law. *Id.* (citing *Bragg v. Kittle's*

9

*Home Furnishings, Inc.*, 52 N.E.3d 908, 915 (Ind. Ct. App. 2016)). The Amended Complaint indeed fails to address these deficiencies. Accordingly, the Court dismisses without prejudice any claim for unpaid overtime wages under either federal or state law. If the Plaintiff believes she can state a claim for unpaid overtime wages that is consistent with the allegations she has already made and that remedies the deficiencies identified above, she may file a second Amended Complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 728 (7th Cir. 2018) ("The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."); *Luevano*, 722 F.3d at 1024.

## CONCLUSION

For the foregoing reasons, the Court CONSTRUES the Plaintiff's Motion for Summary Judgment, or Jury Demand Upheld [ECF No. 44] as a response to the Defendant's Motion to Dismiss and CONSTRUES Mauser Packing Solutions' Motion to Strike Plaintiff's Motion for Summary Judgment or Jury Demand Upheld, or Alternatively, Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 45] as a reply to the Plaintiff's response.

Finally, the Court GRANTS in part and DENIES in part the Defendant Mauser Packing Solutions' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 41], granting the Motion as to the Plaintiff's claims for disability discrimination and unpaid overtime wages, and denying the Motion as to the Plaintiff's Title VII hostile work environment and wrongful termination claims. The Plaintiff's claims for disability discrimination and unpaid overtime wages are DISMISSED without prejudice. The Court GRANTS the Plaintiff up to and including February 2, 2024, to file a Second Amended Complaint as set forth above.

SO ORDERED on January 5, 2024.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT