UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN,<br><br>Plaintiff,<br><br>v.<br><br>MAUSER PACKING/BWAY,<br><br>Defendant. | CAUSE NO.: 2:22-CV-242-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Notice of Resolution [ECF No. 56], filed by Defendant Mauser Packing/Bway on August 9, 2024, and a Motion to Reject Settlement Offer and Proceed with Litigation Including Oral Arguments [ECF No. 59], filed by Plaintiff Lasandra Norman on August 28, 2024. The Defendant filed an Opposition and Motion to Enforce Settlement Agreement [ECF No. 60] on September 3, 2024. The Plaintiff did not file a reply in support of her motion or a response to the Defendant's motion, and the time to do so has passed. As set forth below, the Court denies the Plaintiff's Motion to Reject Settlement Offer, grants the Defendant's Motion to Enforce Settlement Agreement, and dismisses this case with prejudice.

After the Defendant's Notice of Resolution informed the Court that the parties had resolved this lawsuit, the Court set a deadline of September 16, 2024, for the filing of dismissal papers. ECF No. 57. Instead, the Plaintiff filed her motion, asking the Court to reject the settlement offer and set the case for a hearing. She contends that she only accepted the settlement offer because of the length of time the case has been pending, that the Defendant has not offered an apology for what occurred during her employment, and that the Defendant never explained what they were settling with her for.

In support of its Motion to Enforce Settlement Agreement, the Defendant submitted the parties' written Settlement Agreement executed on June 25, 2024, which provided the Plaintiff with seven days in which to revoke the agreement. Def. Ex. 1, ¶ 16.h, ECF No. 60-1. Under its terms, the Settlement Agreement became irrevocable after the expiration of the seven-day period. *Id.* ¶ 16.i. The Plaintiff did not revoke the Settlement Agreement prior to the July 2, 2024 deadline.

In exchange for a Settlement Payment, as defined in the Settlement Agreement, the Plaintiff agreed to dismiss the case within seven days of receiving the Settlement Payment. *Id.* ¶¶ 2, 3. On July 15, 2024, counsel for the Defendant sent the Settlement Payment to the Plaintiff by overnight mail. Def. Ex. 2, ECF No. 60-2. On July 16, 2024, the Plaintiff received the Settlement Payment. Def. Ex. 3, ECF No. 60-3. On July 22, 2024, the Plaintiff cashed the Settlement Payment. Def. Ex. 4, ECF No. 60-4. Thus, the Plaintiff was obligated to dismiss the case with prejudice on or before July 23, 2024, which she did not do.

The enforcement of settlement agreements is governed by state contract law. *Beverly v. Abbott Lab'ys*, 817 F.3d 328, 333 (7th Cir. 2016) (citation omitted). "Indiana strongly favors settlement agreements. . . . And it is established law that if a party agrees to settle a pending action, but then refuses to consummate [her] settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003) (citations omitted). "Settlement agreements are governed by the same general principles of contract law as any other agreement." *Id.* (citation omitted). The basic requirements of a contract are "offer, acceptance, consideration and a meeting of the minds of the contracting parties." *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App. 2011) (cleaned up).

The evidence demonstrates that the parties entered into a valid and enforceable contract in their written Settlement Agreement and that the Defendant performed all obligations under the Settlement Agreement, which became non-revocable on July 2, 2024. The Plaintiff did not file her motion to reject the settlement offer until August 28, 2024, and then only after she had signed the Settlement Agreement, failed to revoke the agreement during the seven-day period that expired on July 2, 2024, and cashed the Settlement Payment on July 22, 2024. Although the Plaintiff expresses some regret in having entered into the Settlement Agreement, she has not provided any basis for voiding the Settlement Agreement. The Plaintiff failed to perform her obligation under the contract of dismissing the case within seven days of receiving the Settlement Payment. The Court finds the Settlement Agreement is binding and enforceable and dismisses this case with prejudice.

## CONCLUSION

Accordingly, the Court hereby DENIES the Plaintiff's Motion to Reject Settlement Offer and Proceed with Litigation Including Oral Arguments [ECF No. 59] and GRANTS the Defendant's Motion to Enforce Settlement Agreement [ECF No. 60]. The Court ORDERS that this case is DISMISSED with prejudice.

SO ORDERED on October 16, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT